UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARMALITA HOWARD,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>GUZMAN, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00003-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Carmalita Howard, filed this complaint and application to proceed *in forma pauperis* ("IFP") on January 2, 2020. (ECF Nos. 1, 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 5), screening Plaintiff's Complaint. Judge Cobb recommends the Court (1) grant Plaintiff's IFP application; (2) file her Complaint; (3) permit her due process, retaliation, negligence, and false imprisonment claims to proceed; (4) dismiss her IIED and defamation claims without prejudice and with leave to amend; (5) dismiss her conversion and property loss claims with prejudice and without leave to amend; (6) dismiss her Fourth Amendment DNA testing claim without prejudice and with leave to amend; and (7) dismiss Defendant Washoe County Jail without prejudice. Plaintiff had until April 20, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, grants Plaintiff's IFP application, and will allow or dismiss Plaintiff's claims as specified herein.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

*v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. First, Judge Cobb found that Plaintiff's IFP application sufficiently established she could not pay the filing fee. (ECF No. 5 at 2-3.) Judge Cobb recommends granting Plaintiff's IFP application.

Judge Cobb then screened Plaintiff's Complaint. Plaintiff asserts a variety of federal and state law claims against Deputy Guzman and Washoe County Jail. Judge Cobb recommends Plaintiff's argument that she was denied the ability to post bail be permitted to continue against Deputy Guzman as a due process claim. (*Id.* at 5.) However, Judge Cobb recommends Defendant Washoe County Jail be dismissed, with leave to amend, because Plaintiff did not sufficiently plead that it could be liable under 42 U.S.C. § 1983. (*Id.* at 6.) Judge Cobb also recommends Plaintiff's retaliation against Deputy Guzman proceed. (*Id.* at 7.)

Plaintiff also alleges several state law tort claims, including negligence, false imprisonment, conversion, intentional infliction of emotional distress, defamation, and property loss. While it is not clear if Plaintiff intends to allege these claims against both Deputy Guzman and Washoe County Jail, Judge Cobb reasons that she may not bring a tort action against an employee of a political subdivision of the state for an action arising out of an act or omission within the scope of the person's public duties or employment unless she also names Washoe County as a defendant.[1] (*Id.* at 8.) Accordingly, Plaintiff

---
[1] "No tort action arising out of an act or omission within the scope of a person's public duties or employment may be brought against any present or former: (a) Local judicial officer or state officer; (b) Officer or employee of the State or of any political subdivision; (c) Immune contractor; or (d) State Legislator, unless the State or appropriate political subdivision is named a party defendant under NRS 41.031." NRS § 41.0337.

must also name Washoe County as a defendant in her amended complaint if she wishes to proceed with any of her tort claims.

If Plaintiff does amend her complaint to add Washoe County, Judge Cobb recommends permitting her negligence and false imprisonment claims proceed against Deputy Guzman. (*Id.* at 8-9.) Judge Cobb further recommends dismissing Plaintiff's IIED and defamation claims, but with leave to amend so that Plaintiff may plead the necessary facts. (*Id.* at 10-11.) Judge Cobb also recommends dismissing Plaintiff's conversion and property loss claims with prejudice, as they are not stand alone claims but rather requests for damages. (*Id.*)

Finally, Judge Cobb recommends the Court grant Plaintiff leave to amend her Fourth Amendment DNA swab claim. Judge Cobb reasoned that to proceed, Plaintiff would need to assert this claim against the proper defendant, which named Defendant Washoe County Jail is not.

The Court agrees with Judge Cobb on all counts. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in district court without paying fees or costs will not extend to the issuance and/or service of subpoenas at government expense.

The Clerk of Court is directed to file Plaintiff's complaint (ECF No. 1-1).

It is further ordered that Washoe County Jail is dismissed from this action because it is not a proper defendant for any claim.

///

///

It is further ordered that Plaintiff's due process denial of ability to post bail, negligence, and false imprisonment claims may proceed against Deputy Guzman if Plaintiff amends her complaint to add Washoe County as a party as explained herein.

It is further ordered that Plaintiff's intentional infliction of emotional distress, and defamation claims are dismissed without prejudice and with leave to amend. If Plaintiff amends her complaint to sufficiently plead these claims, she must also add Washoe County as a party as explained herein.

It is further ordered that Plaintiff's conversion and loss of property claims are dismissed with prejudice and without leave to amend.

It is further ordered that Plaintiff's Fourth Amendment claim relating to the DNA is dismissed without prejudice and with leave to amend. If Plaintiff includes this claim in her amended complaint, she must name a proper defendant.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of her complaint, as outlined in this order and in Judge Cobb's Report & Recommendation, she must file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice.

DATED THIS 6th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE