UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARMALITA HOWARD, | Case No. 3:20-cv-00003-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| GUZMAN, | |
| Defendants. | |

On May 6, 2021, the Court issued an order directing Plaintiff Carmalita Howard to file an amended complaint that adds Washoe County as a party.[1] (ECF No. 6 at 3-4.) The order required Howard to file an amended complaint within 30 days from the date of entry of that order. (*Id.*) That deadline has passed, and Howard has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d

---

[1]Howard's state law tort claims (negligence, false imprisonment, intentional infliction of emotional distress, and defamation), her due process for denial of ability to post bail claim, and her Fourth Amendment DNA claim were dismissed without prejudice and with leave to amend. (ECF No. 6 at 4.) Howard's conversion and loss of property claims were dismissed with prejudice. (*Id.*)

128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint expressly stated: "It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice." (ECF No. 6 at 4.) Howard therefore had adequate warning that dismissal would result from her noncompliance with the Court's order to file an amended complaint.

///

///

///

2

It is therefore ordered that this action is dismissed without prejudice based on Howard's failure to file an amended complaint in compliance with this Court's May 6, 2021, order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 11th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE